**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lancer Insurance Company, et al., <br><br> Plaintiffs, <br> vs. <br><br> Western Distributing Company, et al., <br><br> Defendants. | No. CV-08-8084-PCT-PGR <br><br> <u>ORDER</u> |

In a complaint filed on July 7, 2008, the plaintiffs allege that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1] Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiffs to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* <u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is

---

[1] The complaint alleges that jurisdiction also exists pursuant to 28 U.S.C. § 1441 and 1446, but those statutes are totally inapplicable to this action since they relate solely to actions removed from a state court, and this is not a removed action.

essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning defendant Ronald Eugene Hale is facially deficient because it merely refers to him as being a resident of Aurora, Colorado.  It is black letter law that allegations of residency, including allegations of "primary residency," do not suffice for purposes of § 1332.  *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The plaintiffs are advised that their failure to timely file an amended complaint that cures the pleading deficiency noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction.[2]  Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended

---

[2] The plaintiffs are also advised that the total capitalization of the parties' names in the caption of the complaint violates LRCiv 7.1(a)(3).

- 2 -

1  complaint properly stating a jurisdictional basis for this action no later than **July**
2  **25, 2008.**
3        IT IS FURTHER ORDERED that the plaintiffs shall immediately serve a
4  copy of this Order upon any defendant who has already been served with
5  process.
6        DATED this 14th day of July, 2008.

        Paul G. Rosenblatt
        United States District Judge